IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shiemata Mitchell,                         :
                          Petitioner       :
                                           :
          v.                               :
                                           :
Unemployment Compensation                  :
Board of Review,                           :    No. 1319 C.D. 2025
                          Respondent       :    Submitted: June 16, 2026

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: July 28, 2026


          Shiemata Mitchell (Claimant), *pro se*, petitions for review of the
August 11, 2025 order of the Unemployment Compensation Board of Review
(Board),[1] which affirmed the referee's decision to dismiss Claimant's appeal as
untimely pursuant to Section 501(e) of the Unemployment Compensation Law
(UC Law), 43 P.S. § 821(e).[2]  Upon review, we affirm.

---

[1] Claimant's petition for review erroneously cites October 6, 2025, as the Board's final order date.  Pet. for Review at 1; *see* Certified Record (C.R.) at 130.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).  Effective July 24, 2021, Section 501(e) was amended to increase the time to file an appeal from 15 days to 21 days.

## I. Background

Claimant filed an application for unemployment compensation (UC) benefits on March 21, 2025, after the termination of her employment with T-Mobile USA, Inc. (Employer).[3] Certified Record (C.R.) at 3 & 6-7. She opted to receive all UC notifications via postal mail. *Id.* at 4. On April 7, 2025, the Department of Labor and Industry (Department) found that Claimant was ineligible for UC benefits because Claimant's rule violation indicated that there was willful misconduct involved in her termination pursuant to Section 402(e) of the UC Law, 43 P.S. § 802(e).[4] *Id.* at 34. The Department's determination was sent to Claimant's last known address, and there is no evidence that the determination was returned as undeliverable. *Id.* at 130.

The Department's determination informed Claimant that the last day to file an appeal from the determination was April 28, 2025. C.R. at 34. However, Claimant did not file her appeal until May 5, 2025. *Id.* at 49. A hearing was held before the referee, where the referee accepted Claimant's testimony that she filed an untimely appeal because she did not immediately recognize that she was rendered ineligible for benefits. *Id.* at 98; *see also* 43 P.S. § 821(e). When given the opportunity to defend her untimeliness further, Claimant declined to elaborate. C.R.

---

[3] Claimant alleges that she was wrongfully terminated and that the circumstances of her termination had repercussions on her job search. Claimant's Br. at 8; *see also* C.R. at 103-04. However, Employer's conflicting testimony during the referee hearing asserted that Claimant was terminated for commission of fraud and transactions relating to prepaid, no usage phone lines. C.R. at 99.

[4] Under Section 402(e), an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act[.]" 43 P.S. § 802(e).

at 98.  Based on these facts, the referee dismissed Claimant's appeal as untimely under Section 501(e) of the UC Law, 43 P.S. § 821(e).  *Id.* at 108.

Claimant appealed the referee's dismissal to the Board, which affirmed the determination on August 11, 2025.  C.R. at 131.  Claimant then timely petitioned for review in this Court.[5]

## II. Issues

Before this Court,[6] Claimant argues that the Board erred in dismissing her appeal for untimeliness.  Claimant's Br. at 6.  Specifically, Claimant argues that a Department communication misled her into believing she was eligible for UC benefits until after the appeal deadline had passed.[7]  *Id.* at 6 & 10.  Claimant further maintains that technological difficulties she encountered while trying to view the Department's eligibility determination online via her Safari web browser established good cause for permitting her appeal to proceed *nunc pro tunc*.  *Id.*

The Board argues that Claimant's testimony failed to establish that she attempted to file a timely appeal but was precluded from doing so based on unforeseeable and unavoidable events.  Board's Br. at 6.  The Board also asserts that Claimant's alleged technical difficulties in accessing the Department's eligibility

---

[5] This Court granted Claimant's motion to expedite due to financial hardship after the Board failed to file an answer to the motion.  Cmwlth. Ct. Order, 4/14/2026.

[6] This Court's review of the Board's order is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, or whether necessary factual findings are supported by substantial evidence.  *Nolan v. Unemployment Comp. Bd. of Rev.*, 797 A.2d 1042, 1045 n.4 (Pa. Cmwlth. 2002).

[7] No evidence of such misleading communication exists in the record beyond Claimant's attestations in her appellate brief.  *See* Claimant's Br. at 7.

determination online cannot be considered on appeal to this Court because such difficulties were never argued before the referee during the hearing. *Id.*

### III. Discussion

Under Section 501(e) of the UC Law, a claimant must file an appeal within 21 days of the Department's eligibility determination. 43 P.S. § 821(e). The untimely filing of an appeal mandates dismissal because the timely filing of an appeal, even at the administrative level, is a jurisdictional prerequisite. *Shea v. Unemployment Comp. Bd. of Rev.*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006) (noting that an appeal filed merely one day after the expiration of the statutory time period must be dismissed as an untimely appeal).

However, the Board may consider an untimely appeal in limited circumstances. *Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1119-20 (Pa. Cmwlth. 2021); *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). The burden to establish the right to have an untimely appeal considered is heavy due to the mandatory statutory time limit established for appeals. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Rev.*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). A claimant may satisfy this heavy burden in one of two ways. First, the claimant may show that the administrative authority "engaged in fraudulent behavior or manifestly wrongful or negligent conduct." *Hessou*, 942 A.2d at 198 (citing *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979)). Second, the claimant may show that "non-negligent conduct beyond his control caused the delay." *Id.* The question of whether there are unique and compelling facts that would excuse an untimely appeal "is a legal conclusion to be drawn from the evidence and is reviewable on appeal." *Barsky*, 261 A.3d at 1120.

4

Here, the Department's eligibility determination notified Claimant by mail of her ineligibility on April 7, 2025. C.R. at 34. The determination plainly indicated that the final date to appeal was April 28, 2025. *Id.* Claimant acknowledges that her appeal was untimely, as she did not submit her appeal until May 5, 2025, a week after the deadline. *Id.* at 49 & 98. Therefore, Claimant's appeal was patently untimely under Section 501(e). 43 P.S. § 821(e); *see also Shea*, 898 A.2d at 33.

Further, Claimant is not entitled to *nunc pro tunc* relief. Claimant argues that she has established good cause to proceed *nunc pro tunc* because of (1) a good faith misunderstanding as to her eligibility created by the Department's alleged communication and (2) the technological difficulties she allegedly experienced in accessing the Department's eligibility determination online via her Safari web browser. Claimant's Br. at 6 & 10. However, Claimant waived these arguments because she failed to raise them during the referee's hearing.[8] Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

> (a) Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. Only questions raised before the government unit shall be heard or considered, except:
> . . . .
> > (3) Questions that the court is satisfied the petitioner *could not by the exercise of due diligence have raised before the government unit*.

---

[8] Notably, both of Claimant's arguments are unpersuasive even if they had not been waived. There is no evidence of record of the Department's alleged misleading communication. Moreover, Claimant elected to receive all her UC notifications via postal mail upon filing her application and there is no evidence that the Department's determination was returned as undeliverable. C.R. at 4 & 130. As such, Claimant's alleged technological difficulties accessing the Department's determination through her online Safari web browser do not justify an untimely appeal because she timely received the Department's determination via postal mail.

Pa.R.A.P. 1551(a)(3) (emphasis added). Moreover, the waiver rule is mandated by Section 703(a) of the Administrative Agency Law, which states that "[a] party who proceeded before a Commonwealth agency under the terms of a particular statute . . . may not raise upon appeal any other question not raised before the agency . . . unless allowed by the court upon due cause shown . . . ." 2 Pa.C.S. § 703(a); *see Wing v. Commonwealth*, 436 A.2d 179, 180 (Pa. 1981).

During the hearing, the referee asked Claimant whether she "agree[d] that [the appeal] wasn't filed by the deadline date" and offered her an opportunity to "explain why it was not." C.R. at 98. Claimant's only testimony was: "I didn't realize that I was ineligible for [u]nemployment. Once I realized that I wasn't, then, you know, I filed for the [a]ppeal." *Id.* When the referee asked if Claimant would like to argue the issue of her timeliness further, Claimant denied the opportunity to do so. *Id.* Because Claimant had the opportunity to raise her arguments as to the alleged Departmental misleading communication and technological difficulties with her computer access during the hearing, these arguments are waived for this Court's consideration. Pa.R.A.P. 1551(a)(3). As such, the only evidence of record is that Claimant's appeal was untimely because she did not immediately recognize that she was rendered ineligible for benefits. C.R. at 98 & 108.

There is no evidence of record that Claimant's misunderstanding was caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by Claimant's non-negligent conduct. *See Hessou*, 942 A.2d at 198. Accordingly, Claimant's appeal was properly dismissed for untimeliness under Section 501(e), 43 P.S. § 821(e).

**IV. Conclusion**

Based on the foregoing discussion, the August 11, 2025 order of the Board is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shiemata Mitchell,                :
               Petitioner      :
                                 :
         v.                     :
                                 :
Unemployment Compensation   :
Board of Review,            :    No. 1319 C.D. 2025
              Respondent   :

## **O R D E R**

AND NOW, this 28th day of July, 2026, the August 11, 2025 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge